Chancellor J. J oiinston
delivered the opinion of the court.
When this case was before me, on the circuit, my attention wab too much drawn to Mr. Payne’s infancy; which was the weakest among the objections made to the deed.
The deed recites,- that Mrs. Bonneau was entitled, in fee, to a house and lot in Trudd sheet and absolutely to thirty slaves; which property she conveys to Mr. Barksdale, in trust; the income to be for the joint use of the parties to the marriage, during their joint lives ; and,- on the death of either,- the realty to go, in fee, and the personalty, absolutely, to the survivor, discharged from all trusts.
But, by the will of Mrs. Bonneau’s father, then and now in full force, the house and lot, and nearly every one of the slaves, are bequeathed to Mr. Gibbes and others, upon the following trusts and limitations.- The annual profits to be allowed to the separate' use of Mrs. Bonneau, (then the wife of Mr. Bonneau,) during her life only. At her death, the properly is limited to her children, who should be living at that time ; but if she should leave no child, them to such of her brothers and sisters, as should survive her, and the issue of such brothers and sisters as should have previously died.
There is no reference, in the deed, to this will. The recitals: and provisions in the former, so inconsistent with the provisions of the latter, ate evidence, that when the deed was executed, Mr-Payne was ignorant of the will. There is no evidence, that whea *177 he filed his answer, or at any time after, during his life, he was in» formed of it.
That he was an infant, when he executed the deed, he knew “when he put in his answer, insisting on his rights under it. The answer might well, tbereiore, bt held a waiver ot the objection of.’ infancy. But it would be extreme injustice to construe it into a waiver of objections, arising Irons’fattss of which he Was never a.pp'riseti. On the contrary, his insisting on his rights Under the deed, is pretty clear proof that he supposed his rights were perfect to every thing which that paper purported to give him.
But what did the deed effectually give 1 What Mrs. Bonneati conveys was not her’s to convey. Y/hat the deed recites to be hers, was not heir’s.
The stipulations in the deed were parcel of- the marriage con» sideration. The fact, that stipulations were entered into, is evidence, that without them, the marriage would never have been solemnized. Mr. Payne’s entering into the marriage, was a pur-; chase, on his part, for valuable consideration, of every right whicli the deed purported to confer on him.
The deed professed ui give the parties equal rights, by giving the property to the survivor, whom that might be. And it asserted such a title in Mrs. Bormeau, as rendered it possible for the limita; tiou to take effect; and that each party should have a remedy to enforce his rights. The contingency of survivorship on the one hand, was set up against that on the other — contingency against contingency — as the real ground of covenant. Equality rights mutual remedies, equal chances, was the rule of the contract.
The assertion of Mrs. Bonneau’s absolute tide to the property, vvas in the nature of a covenant of seizin. Mr. Payne founded his expectations on it; and suppose d he ¡night get the property by survivorship. This assertion is contradicted by the will of her father. Was it ever heard of, that a party, who liad broken the covenant, on his part, in a material point, should have it specifically en*' forced against the other party 1
Again. The want of mutuality is fatal to the plaintiff’s claim, to enforce this deed. It professes to grant to Mr. Payne, upon a contingency, what upon no contingency, he could ever enjoy. It professed to give him a remedy, which could never have been effectually enforced. But I take it to be clear, that whenever a contract intends to give mutual lemedies, and there is something unknown to one or both the parties, which renders it impossible fos *178 one of them, in a material point, to enforce his remedy, the- otfses shall never have a specific execution.
The property, which was in the condition I have described, eonw stituted the bulk of that embraced in the settlement. An acciden. tal failure in the title to an inconsiderable part of the property mentioned in a settlement, might not constitute a solid objection to it. But when there is a failure of the great objects of the parties, that cannot, and ought not, to be disregarded.
, Here, then, we have an application to enforce a contract, which, on its face, migrates a material fact; a contract, in which the party against whom the application is made, was ignorant of a material-fact ; a contract in which the mutuality of right and remedy, stipulated for, was rendered impossible by a fact unknown at the time of the stipulation ; thus frustrating the reasonable expectations-of the party sought to be bound.
It is not necessary that the defects of a contract be sufficient to rescind it. That is not the application now made by the defendant. The court may refuse to decree a performance, when it would not rescind. And the authorities are too clear to admit of a doubt, that whenever there is a concealment, or misrepresentation of material facts, whether designedly os not, or a material breach of contract by the other party, whereby the;reasonable- expectations and inten. tions of the party sought to be bound, have been frustrated, or his-remedies impaired, equity will not enforce the contract against him.
It is unnecessary to observe that the value of Mr. Payne’s rights-is not to be judged of by the event. He, in fact, died first. But the-fairness and equality of this contract, are to be judged of, as mat. ters stood at the time it was executed. He staked contingency against contingency. The one was the consideration of the other. And if the contract had been effectual, his rights under it were valuable ; and might have been disposed of for value.
It is said, however, that the defendant is bound to do one of two things : either account under the settlement, or give back the bond and bank shares, under the will of Mrs. Payne’s father, as if there never had been a settlement. But the defendant, if accountable on that score, is accountable to the trustees under the will.
It is the unanimous opinion of the court, that the circuit decree should be reformed, by reversing so much thereof, as directs an account of the bond and bank, shares.
J. JOHNSTON.
Petigru and King- for motion.
Hunt, contra.
Filed 6th March, 1837.
We concur,
WILLIAM HARPER,
DAVID JOHNSON,
Chancellor Desaussuke absent, from indisposition.